**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**GEORGE O'DELL,**

                                        **Plaintiff,**

            **v.**                                                    **9:13-CV-1275**
                                                                        **(FJS/TWD)**

**CHARMAINE BILL, Treatment Team Leader;**
**ALVIN TUCKER, S.C.T.A. #1; DARIAN**
**FRAZIER, S.C.T.A. #1; KRISTIN WOODLOCK,**
**Acting Commissioner; JEFFREY NOWICKI,**
**Chief of Mental Health Treatment Services;**
**DR. TERRI MAXYMILLIAN, Chief of**
**Mental Health Treatment Services; and**
**MAUREEN BOSCO, Acting Director,**

                                        **Defendants.**
_____

**APPEARANCES**                                **OF COUNSEL**

**GEORGE O'DELL**
**83271-051**
St. Lawrence Psychiatric Center
1 Chimney Point Drive
Ogdensburg, New York 13669
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                    **TIMOTHY P. MULVEY, AAG**
**STATE ATTORNEY GENERAL**
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2455
Attorneys for Defendants

**SCULLIN, Senior Judge**

                                **ORDER**

         Currently before the Court are Magistrate Judge Dancks' November 25, 2014 Report-

Recommendation and Order, *see* Dkt. No. 24, and Plaintiff's objections thereto, *see* Dkt. No. 27.

In her Report-Recommendation and Order, Magistrate Judge Dancks recommended that this Court grant Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim as to the claims against Defendants Bill, Woodlock, Nowicki, Maxymillian, and Bosco with leave to amend; deny Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim as to the claims against Defendants Tucker and Frazier; direct Defendants Tucker and Frazier to answer the complaint; *sua sponte* dismiss Plaintiff's claim regarding New York Mental Hygiene Law § 10.06(k) with leave to amend; and grant Plaintiff thirty-days in which to file an amended complaint. *See* Dkt. No. 24 at 16-17.

Plaintiff filed a document in response to Magistrate Judge Dancks' Report-Recommendation and Order, which the Court construes as his objections to the same. *See* Dkt. No. 27. Plaintiff makes no specific objection to any of Magistrate Judge Dancks' recommendations; rather, it appears that his intent is to present the Court with more evidence to support his claim that his injuries are real and that Defendants Tucker and Frazier failed to protect him from sustaining such injuries.

In light of the conclusory and general nature of Plaintiff's objections, the Court has reviewed the record for clear error and manifest injustice and, finding none, the Court hereby

**ORDERS** that Magistrate Judge Dancks' November 25, 2014 Report-Recommendation and Order is **ACCEPTED in its entirety** for the reasons stated therein; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim, *see* Dkt. No. 19, is **GRANTED** as to the claims against Defendant Bill, Woodlock, Nowicki, Maxymillian and Bosco **with leave to amend**; and the Court further

**ORDERS** that Defendants' motion to dismiss Plaintiff's complaint for failure to state a

claim, *see* Dkt. No. 19, is **DENIED** as to the claims against Defendants Tucker and Frazier; and the Court further

 **ORDERS** that Defendants Tucker and Frazier shall answer Plaintiff's complaint within **twenty (20) days** of the date of the filing of this Order; and the Court further

 **ORDERS** that Plaintiff's claim under New York Hygiene Law § 10.06(k) is **DISMISSED** *sua sponte* **with leave to amend**; and the Court further

 **ORDERS** that, if Plaintiff wants to pursue one or more of the claims that the Court has dismissed with leave to amend, he must file an amended complaint. Any amended complaint that Plaintiff files shall supersede and replace the original complaint in its entirety; therefore, in any such amended complaint, Plaintiff must include the claims against Defendants Tucker and Frazier, which the Court did not dismiss, if he wishes to proceed with those claims. In any amended complaint that he files, Plaintiff must allege claims of misconduct or wrongdoing against each named defendant that Plaintiff has a legal right to pursue and over which this Court may properly exercise jurisdiction. Furthermore, any amended complaint that Plaintiff files must comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. The Court advises Plaintiff that, if he does not file an amended complaint within **thirty (30) days** of the date of the filing of this Order, this case will proceed based solely on the claims that Plaintiff asserted against Defendants Tucker and Frazier in his original complaint; and the Court further

 **ORDERS** that the Clerk of the Court shall send Plaintiff a copy of his original complaint and the form complaint available for use by litigants in Section 1983 actions to assist Plaintiff in preparing an amended complaint; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 18, 2015
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge